[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14356
Non-Argument Calendar
_____

D.C. Docket No. 7:17-cv-00202-HL

ALFRED D. JONES,

Plaintiff - Appellant,

versus

GEORGIA DEPARTMENT OF CORRECTIONS,
JOHN DOE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 15, 2019)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Alfred Jones, a Georgia prisoner, appeals the dismissal of his complaint of excessive force, 42 U.S.C. § 1983, for compensatory damages against the Georgia Department of Corrections and a fictitious defendant and the denial of his motion for leave to amend his complaint. The district court ruled that the Department enjoys immunity from suit under the Eleventh Amendment, U.S. Const. amend. XI, and that Jones's motion to amend his complaint was futile because the statute of limitations had expired. We affirm.

On December 6, 2017, Jones filed a complaint for damages against the Department and "John Doe" alleging that, on December 7, 2015, an unnamed state correctional officer fired pepper spray in and injured his right eye in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments. U.S. Const. amends. IV, V, VIII, XIV. After the Department moved to dismiss Jones's complaint based on Eleventh Amendment immunity, Jones moved to amend his complaint and to substitute eleven named state officials as defendants in place of Doe. The district court dismissed Jones's complaint and denied his motion to amend as futile.

We review issues of jurisdiction under the Eleventh Amendment *de novo*. *Green v. Graham*, 906 F.3d 955, 959 (11th Cir. 2018). And we review a denial of a motion to amend a complaint for abuse of discretion. *Hollywood Mobile Estates Ltd. v. Seminole Tribe*, 641 F.3d 1259, 1264 (11th Cir. 2011).

2

The district court did not err. The Georgia Department of Corrections enjoys immunity from suit in a federal court under the Eleventh Amendment. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). And any amendment of Jones's complaint of excessive force would be futile because the two-year statute of limitations, O.C.G.A. § 9-3-33, expired before Jones filed his motion to amend. An amendment to substitute named officials for a fictitious defendant would not relate back, under Federal Rule of Civil Procedure 15(c), because the plaintiff lacked knowledge of the proper defendant when he filed his complaint. *Wayne v. Jarvis*, 197 F.3d 1098, 1103–04 (11th Cir. 1999), *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (en banc); *Powers v. Graff*, 148 F.3d 1223, 1226–27 (11th Cir. 1998).

**AFFIRMED.**

3